[Cite as *State v. Mills*, 2026-Ohio-2917.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
DELAWARE COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO | Case No. 25 CAA 12 0117 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Delaware County Court of Common Pleas, Case No. 25 CRI 02 0086 |
| KELSIE MILLS | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment Entry: July 29, 2026 |

BEFORE: Andrew J. King, Robert G. Montgomery, and Kevin W. Popham, Judges

APPEARANCES: Melissa A. Schiffel, Katheryn L. Munger, for Plaintiff-Appellee; April Campbell, for Defendant-Appellant

OPINION

*Popham, J.,*

{¶1} Defendant-appellant Kelsie Mills appeals the judgment entered by the Delaware County Court of Common Pleas convicting her following pleas of guilty to three counts of theft from a person in a protected class, and sentencing her to an aggregate term of incarceration of sixty months. Plaintiff-appellee is the State of Ohio. For the reasons below, we affirm.

*Facts & Procedural History*

{¶2} Mills worked as a home health aide for a home services company, primarily caring for elderly patients. On December 16, 2024, the Westerville Police Department received a report from H.C. that approximately $2,985 worth of jewelry had been stolen from

her residence. H.C. suspected that one of the caregivers assisting with the care of her ill husband had taken the jewelry. During their investigation, officers discovered Mills had recently sold jewelry to a pawn shop. They also found jewelry in Mills' vehicle, along with numerous empty jewelry boxes scattered throughout the car.

{¶3} A pawn shop employee told investigators that he had become suspicious of Mills because of the large quantity of jewelry she had been selling. H.C. later identified the jewelry recovered from the pawn shop as belonging to her and her husband. The pawn shop also provided detectives with surveillance video documenting thirty-two pawn transactions completed by Mills between June and December 2024. Based on their investigation, officers determined that Mills had stolen jewelry from multiple elderly patients in her care between June 3, 2024, and December 17, 2024.

{¶4} The Delaware County Grand Jury indicted Mills on five counts of theft from a person in a protected class, in violation of R.C. 2913.02(A)(1). Count 1 was a third-degree felony, Count 2 was a fourth-degree felony, and Counts 3 through 5 were fifth-degree felonies.

{¶5} On October 21, 2025, the parties entered into a written Criminal Rule 11(F) plea agreement. In exchange for Mills' guilty pleas to Counts 1, 2, and 3, the State agreed to dismiss Counts 4 and 5. Mills entered guilty pleas in accordance with the agreement, and the trial court dismissed the remaining counts on the State's motion. The court ordered a presentence investigation report and continued the matter for sentencing.

{¶6} At the sentencing hearing on December 8, 2025, the trial court reviewed the presentence investigation report and heard statements from Mills, defense counsel, the prosecutor, and one victim. The court also considered several letters submitted by other victims. The trial court sentenced Mills to thirty months in prison on Count 1, eighteen

months on Count 2, and twelve months on Count 3. It ordered the sentences to be served consecutively. The court memorialized the sentence in a judgment entry filed on December 11, 2025.

{¶7} Mills appeals from the December 11, 2025, judgment entry of the Delaware County Court of Common Pleas and assigns the following as error:

{¶8} "I. THE TRIAL COURT'S DECISION TO IMPOSE CONSECUTIVE SENTENCES SHOULD BE VACATED."

{¶9} "II. THERE IS CLEAR AND CONVINCING EVIDENCE THAT THE RECORD DOES NOT SUPPORT THE TRIAL COURT'S IMPOSITION OF AN AGGREGATE SIXTY-MONTH PRISON SENTENCE, AND THE SENTENCE IS CONTRARY TO LAW."

I.

{¶10} Mills argues the trial court's findings in support of its imposition of consecutive sentences were not supported by the record. We disagree.

{¶11} R.C. 2929.14(C)(4) provides:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crimes or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶12} The trial court must make the R.C. 2929.14(C)(4) findings at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings, nor must it recite certain talismanic words or phrases in order to be considered to have complied. *State v. Bonnell*, 2014-Ohio-3177, ¶ 29.

{¶13} The Supreme Court of Ohio recently clarified the standard of review this Court is to apply in reviewing consecutive sentences, and stated as follows:

The statute does not permit an appellate court to simply substitute its view of an appropriate sentence for that of the trial court. An appellate court's inquiry is limited to a review of the trial court's R.C. 2929.14(C) findings. R.C. 2953.08(G)(2). Only when the court of appeals concludes that the record clearly and convincingly does not support the trial court's findings or it clearly

and convincingly finds that the sentence is contrary to law is it permitted to modify the trial court's sentence.

…

Though "clear and convincing" is typically thought of as an evidentiary standard, the General Assembly has chosen to use that standard as the measure for an appellate court's review of a trial court's R.C. 2929.14(C)(4) findings. As we have explained, 'clear and convincing evidence' is a degree of proof that is greater than a preponderance of the evidence but less than the beyond-a-reasonable-doubt standard used it criminal cases. *Gwynne*, 173 Ohio St. 3d 525, 2023-Ohio-3851, 231 N.E.3d 1109, at ¶ 14 (lead opinion), citing *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. The appellate-review statute does not require that the appellate court conclude that the record supports the trial court's findings before it may affirm the sentence. Rather, the statute only allows for modification or vacation only when the appellate court 'clearly and convincingly finds' that the evidence does not support the trial court's findings. R.C. 2953.08(G)(2)(a). 'This language is plain and unambiguous and expresses the General Assembly's intent that appellate courts employ a deferential standard to the trial court's consecutive-sentence findings. R.C. 2953.08(G)(2) also ensures that an appellate court does not simply substitute its judgment for that of a trial court.' *Gwynne*, 2023-Ohio-3851, 231 N.E.3d 1109 at ¶ 15 (lead opinion).

*State v. Glover*, 2024-Ohio-5195, ¶¶ 43-46.

{¶14} At both the sentencing hearing and in it's sentencing entry, the trial court made findings required to impose consecutive sentences. Specifically, it found that consecutive sentences were necessary to protect the public from future crime and to punish Mills, that consecutive sentences were not disproportionate to the seriousness of Mills' conduct or the danger she posed to the public, and that at least two of the offenses were committed as part of one or more courses of conduct, with the harm caused by two or more of the offenses being so great or unusual that no single prison term adequately reflects the seriousness of her conduct.

{¶15} Mills argues that the trial court erred in imposing consecutive sentences because she has no prior criminal record and her conduct was no more serious than that involved in other theft offenses.

{¶16} We conclude that the record supports the trial court's imposition of consecutive sentences. Here, the offenses involved multiple victims, "a circumstance that supports the imposition of consecutive sentences to reflect the distinct harm caused to each victim." *State v. Semenchuk*, 2026-Ohio-804, ¶ 15 (5th Dist.); *State v. Sparks*, 2024-Ohio-2362, ¶ 18 (8th Dist.).

{¶17} In addition, "a course of conduct exists for purposes of R.C. 2929.14(C)(4)(b) where two offenses share the same connection, common scheme, pattern, or psychological thread that ties them together." *State v. Bates*, 2024-Ohio-2587, ¶ 38 (8th Dist.). Here, the offenses occurred over approximately six months and followed the same pattern. While employed as a home health aide, Mills stole jewelry from elderly patients in her care and sold the stolen items to a pawn shop. These facts support the trial court's finding that the offenses were committed as part of a course of conduct. *State v. Kuehl*, 2025-Ohio-4616, ¶ 19 (5th Dist.); *State v. Rodriguez*, 2021-Ohio-2767, ¶ 20 (8th Dist.).

{¶18} The record also supports the trial court's finding that the harm caused by the offenses was "so great or unusual" that no single prison term would adequately reflect the seriousness of Mills' conduct. At the sentencing hearing, the trial court observed that the victims suffered both psychological and economic harm, that Mills' position as a trusted caregiver facilitated the offenses, that the thefts continued over a six-month period, and that Mills exploited vulnerable elderly individuals entrusted to her care. The testimony of one victim, together with the written victim-impact statements submitted by the remaining victims, supports the trial court's finding. Moreover, the trial court was entitled to consider the psychological harm that offenses of this nature inflict upon crime victims. *State v. Kuehl*, 2025-Ohio-4616, ¶ 21 (5th Dist.).

{¶19} As this Court has recognized, "it is within the discretion of the individual judge 'to determine the weight to assign to a particular statutory factor,' and when making such judgments, the sentencing court 'is not required to divorce itself from all personal experiences and make [its] decision in a vacuum. *State v. Cox*, 2020-Ohio-4648, ¶ 23 (5th Dist.), quoting *State v. Saylor*, 2019-Ohio-1025, ¶ 44 (2nd Dist.).

{¶20} Upon our review of the record, we do not clearly and convincingly find that the record fails to support the consecutive-sentence findings. Mills' first assignment of error is overruled.

## II.

{¶21} In her second assignment of error, Mills contends the trial court's sentence is unsupported by the record and contrary to law. Specifically, Mills contends the trial court failed to impose a sentence consistent with sentences imposed upon similar crimes, and improperly failed to consider Mills' ability to be rehabilitated.

**{¶22}** An appellate court reviewing a felony sentence must examine the entire record, including oral and written statements and any presentence investigation report. R.C. 2953.08(F)(1)-(4). Review is governed by R.C. 2953.08(G)(2), under which an appellate court may modify or vacate a sentence only if it clearly and convincingly finds either that the record does not support the trial court's findings under specified statutory provisions or that the sentence is otherwise contrary to law. *State v. Jones*, 2020-Ohio-6729, ¶ 36.

**{¶23}** A sentence is "contrary to law" if it violates a statute. *Id.* at ¶ 34. Clear and convincing evidence is that which produces a firm belief or conviction. *Cross v. Ledford*, 161 Ohio St. 469 (1954).

**{¶24}** An appellate court may not modify a sentence merely because it disagrees with the trial court's weighing of the R.C. 2929.11 and R.C. 2929.12 factors. *Jones* at ¶ 39. However, a sentence based on considerations extraneous to those statutes is contrary to law and subject to review. *State v. Bryant*, 2022-Ohio-1878, ¶ 22.

**{¶25}** In this case, the trial court imposed prison terms within the statutory range for each offense. Both the sentencing entry and the sentencing hearing reflect that the court considered the record, the parties' statements, the oral and written victim-impact statements, the presentence investigation report, the purposes and principles of felony sentencing under R.C. 2929.11, and the seriousness and recidivism factors set forth in R.C. 2929.12. The trial court was not required to make specific findings under R.C. 2929.11 or R.C. 2929.12, nor was it required to explain its reasons for imposing the particular sentence. *State v. Sullens*, 2022-Ohio-2305, ¶ 15 (5th Dist.). A trial court has broad discretion to impose any sentence within the authorized statutory range, and its statement that it considered the applicable statutory factors is sufficient to demonstrate compliance. *Id.*

{¶26} As to Mills' contention that the trial court failed to consider her ability to be rehabilitated, the record demonstrates that the trial court considered her potential for rehabilitation. At the sentencing hearing, the trial judge expressly stated that she "underst[ood] the need to rehabilitate you using the minimum sanctions necessary while not imposing an unnecessary burden of governmental resources." The court observed that rehabilitation would be difficult because the presentence investigation revealed no evidence of mental health or substance abuse issues, and instead indicated that Mills' offenses were motivated by greed and a desire for money. The presentence investigation report supports these observations.

{¶27} Mills also contends that her sentence is inconsistent with those imposed on similarly situated offenders. However, consistency in sentencing does not require uniformity. *State v. Eskridge*, 2026-Ohio-2264, ¶ 12 (5th Dist.). Rather, it requires the trial court to consider the statutory sentencing factors. To demonstrate a sentence is inconsistent, an appellate must show that similarly situated offenders, committing similar offenses, with similar records and circumstances, received grossly disproportionate sentences. *Id.* at ¶ 16. Mills has not identified any similarly situated offenders, any comparable cases, or any evidence demonstrating that his sentence is grossly disproportionate to sentences imposed for similar crimes by similar offenders.

{¶28} Upon review, Mills has not demonstrated by clear and convincing evidence that her sentence is contrary to law or that the record fails to support it. The sentence is within the statutory range, the trial court considered R.C. 2929.11 and R.C. 2919.12, and the record does not establish any reversible sentencing error. Mills' second assignment of error is overruled.

{¶29} Based on the foregoing, Mills' assignments of error are overruled. The judgment of the Delaware County Court of Common Pleas is affirmed.

{¶30} Costs to appellant, Kelsie Mills.


By: Popham, J.

King, P.J. and

Montgomery, J., concur